IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division§

UNITED STATES OF AMERICA

v.                                           Criminal No. 3:09CR283

MARIO ANDRES FIGUEROA

**MEMORANDUM OPINION**

Mario Andres Figueroa, a federal prisoner proceeding with counsel filed this MOTION TO VACATE CONVICTION AND CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ("§ 2255 Motion," ECF Nos. 102, 123.)[1] Figueroa argues that his firearm conviction (Count Seven) is invalid under United States v. Davis, 139 S. Ct. 2319 (2019) and Johnson v. United States, 576 U.S. 591 (2015). For the reasons set forth below, the § 2255 Motion will be denied.

**I. Pertinent Procedural History**

As pertinent here, Figueroa was charged in a multiple-count Indictment with: conspiracy to obstruct, delay, and affect commerce by robbery (Count One); interference with commerce by threats or violence ("Hobbs Act robbery") by robbing a Burger King in Petersburg, Virginia (Count Two); the Hobbs Act robbery of the Cashwell in Petersburg, Virgina (Count Five); the Hobbs Act robbery

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spacing in the quotes from the record. The Court will grant Figuero's Motion for the Appointment of Counsel (ECF No. 103).

of a Taco Bell, in Petersburg, Virginia (Count Six); and using, carrying, and brandishing of firearm during a crime of violence. (ECF No. 1, at 1-3, 8-9.) Specifically, Count Seven charged that, on or about March 28, 2009, Figueroa and other defendants:

> aided and abetted by one another, did knowingly use, carry, possess, and brandish a firearm, to wit: a Maverick Arms . . . model 88, 12 gauge slide-action shotgun, with an obliterated serial number, with a barrel length of less than 18 inches, during and in relation to and in furtherance of the commission of a crime of violence . . . to wit: Conspiracy to Obstruct, Delay and Affect Commerce by Robbery as charged in Count One above and Interference with Commerce by Robbery, as charged in Count Six above.

(Id. at 9.) On October 7, 2009, the Figueroa pled guilty to Counts Two, Five, and Seven of the Indictment. (ECF No. 24, at 1.) On January 11, 2010, the Court sentenced Figueroa to 6 months on Counts Two and Five, to be served concurrently, and 120 months on Count Seven to be served consecutively. (ECF No. 59, at 2.)

## II. Analysis

In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," id. at 606,[2] because the

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a

2

Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." Id. at 597-98 (citation omitted). Subsequently, in Welch v. United States, 578 U.S. 120 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 135.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id.

---

serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause of ACCA, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

§ 924(c)(1)(A)(iii).

At the time of Figueroa's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the residual clause. United States v. Davis, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Therefore, in order for Figueroa's § 924(c) conviction in Count Seven to survive review it must be predicated upon a valid crime of violence under the elements clause.

Here, as noted above, the Indictment for Figueroa's § 924(c) conviction specified the conspiracy to commit Hobbs Act robbery in Count One and the substantive Hobbs Act robbery in Count Six as the relevant, predicate crimes of violence. The United States Court of Appeals for the Fourth Circuit has determined that conspiracy to commit Hobbs Act robbery fails to qualify as a crime of violence under the elements clause. See United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019). However, the Fourth Circuit

4

also has concluded that Hobbs Act robbery is crime of violence under the elements clause. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).

The Fourth Circuit recently reaffirmed its holding in United States v. Hare, 820 F.3d 93, 106 (4th Cir. 2016), "that a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following [Simms and Davis.]" United States v. Crawley, 2 F.4th 257, 263 (4th Cir. 2021). In Hare, the court upheld a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime where a factual basis to support the drug trafficking crime existed, because the jury indicated on a special verdict form that the defendants possessed a firearm in furtherance of both crimes. 820 F.3d at 106. In Crawley, the court went further and upheld a § 924(c) conviction predicated on both conspiracy to commit Hobbs Act robbery and a drug trafficking crime where the factual basis to support the drug trafficking crime existed based upon the statement of facts incorporated into the plea agreement. 2 F.4th at 262. In so doing, the court specifically "extend[ed Hare's] holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." Id. at 263.

The decision in Davis does not affect Figueroa's § 924(c) conviction in Count Seven because that § 924 (c) conviction based,

in part, on Hobbs Act robbery, a valid crime of violence predicate under the elements clause. See United States v. Bonner, No. 3:09CR283 (DJN), 2021 WL 5770419, at *4 (E.D. Va. Dec. 6, 2021); United States v. Dickerson, No. 3:09-CR-283, 2020 WL 954973, at *2 (E.D. Va. Feb. 27, 2020). Nothing in the Plea Agreement or plea colloquy excluded Hobbs Act robbery as a relevant predicate offense or limited the relevant predicate offense to conspiracy to commit Hobbs Act robbery.[3] See United States v. White, No. 3:08CR171, 2019 WL 4675370, at *4 (E.D. Va. Sept. 25, 2019), judgment corrected, No. 3:08CR171, 2020 WL 591434 (E.D. Va. Feb. 6, 2020) (granting relief because the plea agreement specified conspiracy to commit Hobbs Act robbery as the predicate offense for the § 924(c) charge and omitted the other, valid predicate offenses included in the indictment). Therefore, Figueroa fails to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

---

[3] The Plea Agreement merely states:

> The defendant agrees to plead guilty to Counts Two, Five, and Seven of the indictment. . . . Count Seven charges that the defendant did knowingly, intentionally, and unlawfully possess and brandish a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1).

(ECF No. 24, at 1-2.)

6

### III. Conclusion

The § 2255 Motion (ECF No. 102, 123) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 20, 2022